NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ANNE P. MULLIGAN, | ) | |
| | ) | Supreme Court No. S-18638 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-19-08157 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MUNICIPALITY OF ANCHORAGE, | ) | AND JUDGMENT* |
| ANCHORAGE POLICE DEPARTMENT, | ) | |
| | ) | No. 2033 – June 12, 2024 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Peter R. Ramgren, Judge.

Appearances: Anne Mulligan, pro se, Anchorage, Appellant. Jessica B. Willoughby, Assistant Municipal Attorney, and Anne R. Helzer, Municipal Attorney, Anchorage, for Appellee.

Before: Maassen, Chief Justice, and Carney, Borghesan, and Pate, Justices. [Henderson, Justice, not participating.]

1. Anne Mulligan, a self-represented litigant, sued the Municipality of Anchorage after Anchorage Police Department (APD) officers arrested her in July 2018. The officers arrested Mulligan pursuant to a warrant for second-degree terroristic

---

\*      Entered under Alaska Appellate Rule 214.

threatening.[1]  The warrant was issued after Anchorage Regional Hospital staff reported to APD that Mulligan had called and threatened to "blow up" the hospital.

2.    Mulligan alleged that APD officers "illegally arrested" her using excessive force.  The superior court characterized Mulligan's allegations as claims of false arrest and use of excessive force under state and federal law.  The court dismissed Mulligan's complaint for failure to state a claim.[2]

3.    Mulligan appealed.  We reversed in part and remanded in 2021.[3] We held that the superior court properly dismissed Mulligan's false arrest and federal excessive force claims.[4]  But we held that her factual allegations of excessive force under Alaska law were sufficient to survive a motion to dismiss.[5]

4.    On remand and after discovery, the Municipality filed a motion for summary judgment supported by audio and video recordings of Mulligan's arrest. Mulligan did not dispute the reliability of the recordings or allege any additional relevant facts in her opposition to summary judgment.

5.    The superior court determined there was no "genuine factual dispute" and concluded that the Municipality was entitled to judgment as a matter of law because APD officers did not use excessive force.  The court found that Mulligan was generally uncooperative and hostile throughout her arrest and suffered no bleeding or bruising from the handcuffs.  Further, the court found the arrest video showed that

---

[1]    *See* AS 11.56.810(a)(1) ("A person commits the crime of terroristic threatening in the second degree if the person makes a threat that a circumstance . . . dangerous to human life or property exists or is about to exist . . . .").

[2]    *See* Alaska R. Civ. P. 12(b)(6).

[3]    *Mulligan v. Mun. of Anchorage*, No. S-17635, 2021 WL 4191118, at *2-4 (Alaska Sept. 15, 2021).

[4]    *Id*. at *2.

[5]    *Id.* at *3.

officers "gently escorted" Mulligan to the police car without "rough handling" and reasonably handcuffed Mulligan because her "continuous erratic behavior and initial non-compliance warranted handcuffing both upon arrest and during transport."

6.    "We review [a] grant of summary judgment de novo, reading the record in the light most favorable to the non-moving party and making all reasonable inferences in [her] favor."[6] We will affirm a grant of summary judgment "when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."[7]

7.    Police officers may use nondeadly force "to the extent the officer reasonably believes it necessary to make an arrest."[8] Whether an officer used excessive force under state law depends in part on whether the suspect is actively resisting or fleeing arrest.[9] "The use of handcuffs is reasonable 'to control the scene and protect [officer] safety.' "[10]

8.    The undisputed evidence supports the superior court's determination that Mulligan was noncompliant and belligerent throughout her arrest and that the manner in which police handcuffed her was reasonable to control the scene and protect officer safety.

9.    We AFFIRM the superior court's grant of summary judgment.

---

[6]    *Lum v. Koles* (*Lum II*), 426 P.3d 1103, 1109 (Alaska 2018) (first alteration in original) (quoting *Lum v. Koles* (*Lum I*), 314 P.3d 546, 552 (Alaska 2013)).

[7]    *Id.*

[8]    AS 11.81.370(a).

[9]    *Russell ex rel. J.N. v. Virg-In*, 258 P.3d 795, 802 (Alaska 2011) (noting Alaska's test is "nearly identical" to federal test).

[10]    *Lum I*, 314 P.3d at 555 (alteration in original) (quoting *El-Ghazzawy v. Berthiaume*, 636 F.3d 452, 459-60 (8th Cir. 2011)).